# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ROBERT G. LUKE**                                                                 **PLAINTIFF**

**V.**                                                           **CASE NO. 3:18-cv-449-DPJ-JCG**

**COMMISSIONER OF SOCIAIL**                                              **DEFENDANT**
**SECURITY ADMINISTRATION**
*Andrew Saul*

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), *pro se* Plaintiff Robert G. Luke seeks judicial review of the decision of the Commissioner of the Social Security Administration, denying his application for disability insurance benefits under Title II of the Social Security Act, and supplemental security income under Title XVI of the Social Security Act. The Commissioner of the Social Security Administration has filed a Motion to Affirm Commissioner's Decision. (ECF No. 22). Luke has filed a "Response to Defendant's Answer" (ECF No. 17) and a "Memorandum in Support of Initial Complaint" (ECF No. 27). Having reviewed the submissions of the parties, the record, and relevant law, the undersigned recommends that the decision of the Commissioner be affirmed. The Commissioner's decision is supported by substantial evidence and in accord with relevant legal standards.

## BACKGROUND

In 1992, Luke obtained an undergraduate college degree in criminal justice. (ECF No. 13, at 50-51). In 2006, he obtained a master's degree in liberal arts with a criminal justice emphasis. *Id.* After graduating, Luke worked several jobs as an

investigator. Luke last worked in 2011 when he was a special investigator for the Mississippi Department of Human Services. *Id.* at 44. Luke was released from this job because of poor job performance. Luke attributes his poor job performance to depression. *Id.*

Luke filed for a period of disability, disability insurance benefits, and supplemental security income in August 2015, when he was forty-eight years old. Luke alleged disability beginning July 6, 2011, due to major depressive disorder and hypertension. *Id.* at 229. When his application was denied, Luke requested a hearing before an administrative law judge (ALJ). A hearing was held. *Id.* at 41-82. At the hearing, Luke's counsel argued that Luke was disabled due to a combination of impairments: back pain, lymphedema, status post rotator cuff surgery on two occasions, major depressive disorder, hypertension, sleep apnea, and narcolepsy. At the hearing, Luke amended his alleged onset date to September 22, 2014. *Id.* at 74.

The ALJ issued an opinion finding that Luke had the following severe impairments: sleep-related breathing disorders, cervical spondylosis, obesity, depression, anxiety disorder, lymphedema, and degenerative joint disease of the shoulder. *Id.* at 22. The ALJ found Luke's hypertension and hyperlipidemia were not severe impairments. *Id.* at 24. The ALJ concluded that Luke could not perform past relevant work but retained the residual functional capacity to perform light work with the following additional limitations:

- Making position changes between sitting, standing, and walking every thirty minutes, while remaining on task;
- No climbing ladders, ropes, or scaffolds;
- No more than occasional stooping, kneeling, crouching, or crawling;

2

- No more than frequent reaching bilaterally;
- No exposure to workplace hazards such as moving mechanical parts and high, exposed places;
- No more than simple routine tasks or work-related decisions;
- No production-rate pace;
- No more than occasional changes in the work setting;
- No more than occasional interaction with the public or co-workers; and
- Accepting instructions and responding appropriately to supervisors when such interaction occurs no more than occasionally throughout the day.

*Id.* at 27-28.

Luke requested further review from the Appeals Council, which was denied, rendering the ALJ's decision the final decision of the Commissioner. *Id.* at 6. Luke commenced the present action *pro se.* Because Luke did not file a memorandum brief as required by the Order Requiring Answer and Briefing, an Order to Show Cause issued requiring Luke to file a memorandum brief. (ECF Nos. 6, 15). Luke responded by filing a "Response to Defendant's Answer to Complaint." (ECF No. 17). Luke's Response did not comply with the Order Requiring Answer and Briefing because the Response did not contain an argument section.

The Commissioner filed a Motion to Affirm Commissioner's Decision addressing the two grounds for relief asserted in Luke's Response, namely that the ALJ erred because (1) he did not order a consultative medical and mental health evaluation; and (2) he failed to properly consider Luke's age. (ECF No. 22). An Order Setting Deadline for Plaintiff to File a Compliant Memorandum Brief issued on the same day and at roughly the same time that the Commissioner filed the Motion to Affirm. (ECF No. 24). The Order required Luke to submit a memorandum brief in the detail and format required by the Order Requiring Answer and Briefing.

3

Luke requested more time to file a brief, which was granted. The Order granting Luke an extension of time ordered Luke to brief the two grounds for relief asserted in his Response. (ECF No. 26). Luke filed a "Memorandum in Support of Initial Complaint" summarily addressing the two grounds for relief asserted in his Response. (ECF No. 27).

DISCUSSION

A. Judicial Review

A review of the Commissioner's denial of benefits is limited to two inquiries: (1) whether the decision is supported by substantial evidence in the record as a whole, and (2) whether the Commissioner applied the correct legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). "'[S]ubstantial evidence' is less than a preponderance but more than a scintilla." *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of New York v. N.L.R.B.,* 305 U.S. 197, 229 (1938)).

If the Commissioner's factual findings are supported by substantial evidence, they are conclusive and must be affirmed. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1994). Conflicts in the evidence are for the Commissioner to resolve. The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against the [Commissioner's] decision." *Bowling,* 36 F.3d at 434. A finding of no substantial

evidence is appropriate only if there is "a conspicuous absence of credible choices or no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

   B. <u>Establishing Disability</u>

The ALJ uses a five-step sequential process to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. A claimant meets the Social Security Act's definition of disability if: (1) the claimant is not presently engaged in substantial gainful activity; (2) the claimant has a severe, medically determinable, physical or mental impairment or combination of impairments that significantly limit his physical or mental ability to do basic work activities and meet the duration requirement; (3) the claimant's impairment or combination of impairments meets or equals an impairment contained in the listings of impairments of Appendix 1, 20 C.F.R. § Pt. 404, Subpt. P, App. 1; (4) if disability cannot be found based on a listing in Appendix 1, 20 C.F.R. § Pt. 404, Subpt. P, App. 1, the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant from doing any other work, considering the claimant's residual functional capacity, age, education, and past work experience.

The claimant has the burden through the first four steps. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Once the claimant shows that he can no longer perform his previous work, the burden shifts to the Commissioner to show that there is other work existing in significant numbers in the national economy that the claimant can perform. *Newton v. Apfel,* 209 F.3d 448, 453 (5th Cir. 2000). If the

Commissioner meets the burden at step five, the claimant must then prove that he is not able to perform other work. *Id.*

   C. <u>Luke Has Not Demonstrated that the ALJ Abused His Discretion by Foregoing a Consultative Physical and Mental Evaluation</u>

Luke alleges that the ALJ was required to order a consultative mental and physical examination for the following reasons: (1) "based on the evidence in the record of various diagnoses"; because "Plaintiff's medical records and SSA file contain references to obesity"; and (3) "if a CE had been ordered by the ALJ, the ALJ and VE would have been able to properly consider the combined effects of all of the claimant's impairments in addition to effects of the extensive regimen of medication taken by the Plaintiff and their impact on Plaintiff's ability to work." (ECF No. 13, at 9-11).

"The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citing *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). The decision to order a consultative examination at government expense is generally discretionary and required only if such an examination is necessary to enable the ALJ to make the disability determination. *Haywood v. Sullivan,* 888 F.2d 1463, 1472 (5th Cir. 1989). A consultative examination or additional testing may be required to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow a determination. 20 C.F.R. §§ 404.1519a(b), 416.919a(b). If the record contains sufficient evidence for the ALJ to make an informed decision, the ALJ need not further develop the record. *See*

*Hernandez v. Astrue,* 269 F. App'x 511, 515 (5th Cir. 2008) (citing *Anderson v. Sullivan,* 887 F.2d 630, 634 (5th Cir. 1989)); *Hyatt v. Astrue*, No. 3:11-cv-681-DPJ-FKB, 2013 WL 527820, at *4 (S.D. Miss. Jan. 25, 2013), *report and recommendation adopted,* No. 3:11-cv-681-DPJ-FKB, 2013 WL 508347 (S.D. Miss. Feb. 11, 2013).

Luke has not shown that the record before the ALJ was insufficient to render an informed decision. The 550+ pages of medical records in the administrative record, dating back to 2005, were specifically addressed and analyzed in the ALJ's decision. The ALJ discussed the records which showed Luke's treatment for depression, anxiety, obesity, cervical spine pain, edema, leg pain, shoulder pain, sleep apnea, hypertension, and hyperlipidemia. (ECF No. 13, at 22-25). The ALJ issued a well-supported decision that assessed the impact of Plaintiff's impairments, concluding that

> the evidence partially supports the claimant's allegations. In terms of the claimant's alleged impairments, the severity of symptoms and degree of limitation reported are unsupported by the objective evidence of record. The claimant testified he is disabled due to spinal issues, lymphedema and mental issues. He says the doctor told him his cervical issues was [sic] inoperable, but there is no evidence to support this. He testified he was released from his job as an investigator due to lack of productivity, not because of physical or mental issues. The claimant testified that he lives with his father. He has three children, ages 11, 8 and 8, who visit occasionally. He is able to use his father's cell phone; is able to dress himself; can go to the grocery store occasionally; and watches television. The claimant has sleep apnea, well-controlled with nasal BiPAP (Exhibit 39F). He has cervical spondylosis, but he has not required any surgery. He has lymphedema (Exhibit 26F), for which he wears compression garments. However, he has not required any surgery. He has degenerative joint disease of his shoulder, which is treated conservatively because the claimant did not want surgery (Exhibit 33F). However, this has been considered in assessing his residual functional capacity. The claimant has depression and anxiety disorder (Exhibit 7F). When Dr. Kwentus saw the claimant on January

7

>16, 2017, he felt that his anxiety was better. Mental status examination showed normal thoughts, intact judgment and insight, depressed affect and mood, and normal attention/concentration. He was doing well and he had no change in his medication (Exhibit 17F). Moreover, he has not required any inpatient hospitalization. The claimant's testimony that he can sit 15 minutes is not corroborated by objective evidence, as medical records do not provide a basis for such limitations. Further, no treating physicians have opined that the claimant is disabled. He is obese, however, he requires no assistive devices for ambulation. Although I have found the claimant's obesity to be a severe impairment, and I have considered it in accordance with SSR 02-01, the signs, symptoms and laboratory findings of the claimant's obesity are not of such severity as found in any listing, and I have accounted for any direct or indirect limitations in the assigned residual functional capacity assessment.

(ECF No. 13, at 26-28).

The administrative record does not show a lack of medical information or inconsistent medical information. The evidence cited by the ALJ clearly constitutes substantial evidence in support of the decision.

Luke's argument also fails because he has not demonstrated prejudice. Luke has not shown that he "could and would have adduced evidence that might have altered the result." *Carey v. Apfel,* 230 F.3d 131, 142 (5th Cir. 2000) (citing *Kane,* 731 F.2d at 1219-20). "A mere allegation that additional beneficial evidence might have been gathered had the error not occurred is insufficient to meet this burden." *Jones v. Astrue,* 691 F.3d 730, 734-35 (5th Cir. 2012). Luke's supposition that something beneficial to his claim might have materialized from a consultative exam does not establish prejudice.

D. <u>Luke Has Not Demonstrated that the ALJ Abused His Discretion When Considering Luke's Age</u>

Luke alleges that the ALJ erred by mechanically applying age categories to conclude that Luke was not disabled. At the time of his application, Luke was forty-four years old. Luke was forty-nine years old at the time of the administrative hearing in March 2017. (ECF No. 13, at 52). He turned fifty approximately one month before the ALJ issued his decision in July 2017. The ALJ's decision notes that Luke "was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date." *Id*. at 28. Luke contends that the ALJ erred by not considering that Luke was borderline in the age categories found in 20 C.F.R. § 404.1563. Luke alleges that the ALJ should have regarded him as an individual "closely approaching advanced age," rather than as a "younger individual," and concluded that he was disabled due to a higher age classification. (ECF No. 17, at 3).

At the fifth step of the sequential evaluation process, the ALJ considers the claimant's age in combination with his residual functional capacity, education, and past work experience to determine whether the claimant is capable of adjusting to and performing work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1563(a) (2010). The regulations place claimants into one of three categories: (1) younger person (18-49), (2) a person closely approaching advanced age (50-54), or (3) a person of advanced age (55 or older). *See* 20 C.F.R. § 404.1563(c)-(e). A "borderline [age] situation" is presented where the claimant is "within a few days to a few months of reaching an older age category" and would be

found "not disabled" if the category for the claimant's chronological age were used, but "disabled" if the older age category were applied. 20 C.F.R. § 404.1563(b). In borderline cases, an ALJ may not apply the age categories "mechanically" and must consider exercising discretion to use the older age category rather than the category for the claimant's chronological age. 20 C.F.R. § 404.1563(b).

Luke's argument that the ALJ mechanically applied age categories ignores the fact that the ALJ relied on the testimony of a vocational expert and did not direct a finding of disability based on the Medical Vocational Guidelines (the Guidelines) found at 20 C.F.R. § Pt. 404, Subpt. P, App. 2. When an ALJ finds that a claimant is capable of performing the full range of a category of work, the ALJ may rely on the Guidelines instead of conducting an individualized determination with evidence from a vocational expert. *Bowling,* 36 F.3d at 435. Because the ALJ concluded that Luke had limitations that restricted his residual functional capacity to less than the full range of jobs in the classification for light work, the testimony of a vocational expert was required. *Fields v. Bowen*, 805 F.2d 1168, 1171 (5th Cir. 1986).

The ALJ's reliance on vocational expert testimony, based on a hypothetical that assumed Luke's residual functional capacity, age, education, and work experience, demonstrates that the ALJ evaluated the overall impact of all of the factors of Luke's case and did not apply age categories mechanically. *See Tackett v. Colvin*, No. 1:16-CV-181-MTP, 2017 WL 651957, at *8 (S.D. Miss. Feb. 16, 2017) (citing *Stanridge-Salazar v. Massanari*, 254 F.3d 70 (5th Cir. 2001) and *Benton v.*

*Colvin*, No. CIV.A. 14-2387, 2015 WL 5024521, at *6 (W.D. La. Aug. 24, 2015)); *see also Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1072 (9th Cir. 2010); *Wishard v. Colvin*, No. 2:16-CV-382, 2017 WL 4570748, at *5 (S.D. Tex. Sept. 25, 2017), report and recommendation adopted, No. 2:16-CV-382, 2017 WL 4551376 (S.D. Tex. Oct. 12, 2017); *Davidson v. Berryhill*, No. 1:16-CV-00136-BL, 2017 WL 2616953, at *3 (N.D. Tex. June 15, 2017).

Luke's reliance on 20 C.F.R. § 404.1563 is further misplaced because the Guidelines direct a finding of "not disabled" for either a "younger individual" or an "individual approaching advanced age" who can perform light work. 20 C.F.R. § Pt. 404, Subpt. P, App. 2, Table 2, Rules 202.14 and 202.21. The Guidelines would only direct a finding of disabled for a claimant "closely approaching advanced age," and limited to light work, if he were illiterate. *Id.* at Rule 202.09. Luke is not illiterate and instead earned a master's degree.

## RECOMMENDATION

The Commissioner's decision should be affirmed because it is supported by substantial evidence and in accord with relevant legal standards.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the

> district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 13th day of December, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE